# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

SAM BOWLING and RYAN OWENS,  )
             )
  **Plaintiffs,**      )
             )
**v.**           )  **Case No. 3:26-cv-00282**
             )  **Judge Trauger**
**METROPOLITAN GOVERNMENT OF** )
**NASHVILLE AND DAVIDSON**   )
**COUNTY, et al.,**      )
             )
  **Defendants.**     )

## MEMORANDUM AND ORDER

On March 10, 2026, this pro se civil rights case under 42 U.S.C. § 1983 was purportedly filed by two co-plaintiffs, Sam Bowling and Ryan Owens, with an original complaint signed by Owens and endorsed on a separate signature page (executed several weeks earlier) by Bowling, who was incarcerated in federal prison in Atlanta at the time. An amended complaint signed and filed only by Owens was received on March 24, 2026. (Doc. No. 9).

On April 7, 2026, the court entered judgment dismissing the case without prejudice for lack of subject-matter jurisdiction, finding that the federal question that jurisdiction depended upon was the claimed violation of Bowling's constitutional rights; that Bowling was not properly regarded as a party to the case; and that Owens lacked standing to assert Bowling's rights. (Doc. Nos. 12, 13.)

On April 21, 2026, after his release from custody to a halfway house in Nashville, Sam Bowling filed "Plaintiff's Motion for Leave to File Amended Complaint" pursuant to Federal Rule of Civil Procedure 15(a)(2) (Doc. No. 18) and attached his proposed amended complaint. (Doc. No. 18-1.) Bowling also filed a request for a hearing prior to ruling on the motion for leave to

1

amend (Doc. No. 19), asserting that "a limited hearing … would promote judicial efficiency by clarifying key factual issues prior to further rulings." (*Id.* at 2.)

Although filed under Rule 15(a)(2), Bowling's motion for leave to amend "came after entry of the judgment, and that makes a difference." *Gen. Motors, LLC v. FCA US, LLC*, 44 F.4th 548, 563 (6th Cir. 2022). "'If [Rule 15's] permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision.'" *Id.* at 563–64 (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)). To avoid this outcome, a post-judgment motion to amend is subject to the "heavier burden" required for reopening a case under Rules 59 or 60 of the Federal Rules of Civil Procedure. *Id.* at 564 (quoting *Leisure Caviar*, 616 F.3d at 616).

Here, Bowling's motion for leave to file an amended complaint is properly construed as a motion to alter or amend the judgment under Rule 59, as it was filed within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "'Under Rule 59, a court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Gen. Motors*, 44 F.4th at 563 (quoting *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014)). None of these bases for altering the judgment arguably applies in the instant case, which was dismissed without prejudice, and in which the subject matter of Bowling's proposed amended complaint is substantially the same, legally and factually, as the subject matter that related to him in Owens's previous filings, only those matters are now asserted by the proper party. (*See* Doc. No. 18 at 1–2 (asserting that the proposed amendment "[c]larifies" and "[r]efines" the facts, but "does not assert new legal theories").) Bowling is of course entitled to assert his claims for damages stemming from the alleged violation

2

of his constitutional rights (*see* Doc. No. 18-1), but he must do so in a new civil action. Reopening of this closed case is not warranted under Rule 59.

For these reasons, Bowling's motions for leave to file an amended complaint (Doc. No. 18) and for a hearing (Doc. No. 19) are **DENIED**. The Clerk **SHALL** return the proposed amended complaint (Doc. No. 18-1) to Bowling, so that he may use it to file a new action (which will be subject to a new filing fee) if he wishes to do so.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge

3